[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks to recover for unpaid wages she allegedly earned for the period from January 1, 1991 to June 7, 1991. The suit is brought pursuant to Section 31-72 of the Connecticut General Statutes which allows recovery of twice the full amount of the unpaid wages plus costs and reasonable attorney's fees.
 I.
The plaintiff was certainly an "employee" and the defendant an "employer" as those terms are defined by § 31-71a(2). The plaintiff had been employed by the defendant for several months prior to January 1, 1991 and had been paid $400.00 per week at the rate of $10.00 per hour.
The plaintiff had been hired by Anthony Juliano who testified that he "ran the business for his father", now deceased. The business was a motor vehicle repair garage and towing business.
While Juliano attempted to portray the plaintiff as occupying an executive role rather than that of an employee, the evidence does not support such a premise.
The circumstances which served to cloud the basic issues in this dispute evolve from the personal relationship which developed between the plaintiff and Anthony Juliano. During the period in question, they lived together and her wage payments were terminated. According to Juliano, by agreement, he undertook to pay the plaintiffs babysitter who cared for her two children while the plaintiff worked. These payments were made in cash and do not appear in any records of the defendant.
The court heard testimony from the plaintiff as to the lack of company records, the falsification of documents, and the use of threats and violence by Juliano to force her to stay in the CT Page 12622 relationship and execute documents as he wished.
In fact, the defendant was unable to produce wage records or any documents to support its position, and it appears clear to the court that the plaintiff's version of the events is the more reasonable. The evidence shows numerous contradictions in the defendants position, both at trial and in prior proceedings involving the Department of Labor.
The Court concludes that any payments Juliano may have made on behalf of the plaintiff were part of their living arrangement, the terms of which are not relevant to this dispute.
The Court finds:
 1. The plaintiff was entitled to be paid at her previously agreed upon rate of $400.00 per week from January 1, 1991 to June 7, 1991, plus overtime. These wages were not paid.
 2. The failure to pay these wages was unreasonable and without any legal basis.
 II.
The defendant has pleaded an accord and satisfaction, alleging that the payments made for babysitting offset any wages that may have been due. However, the defendant is confronted with the specific language of § 31-72e which states:
 No employer may withhold or divert any portion of an employee's wages unless (1) the employer is required or empowered to do so by state of federal law, or (2) the employer has written authorization from the employee for deductions on a form approved by the commissioner, or (3) the deductions are authorized by the employee, in writing, for medical, surgical or hospital care or service, without financial benefit to the employer and recorded in the employer's wage record book.
The Court does not construe this use of the word "may" in this negative construction as voluntary. The defendant has not offered evidence that would enable him to utilize any of these exceptions. CT Page 12623
Similarly, the defendant can obtain no relief from his assertion of the existence of a voluntary agreement between the parties for the plaintiff to accept the payment for babysitting in lieu of wages. § 31-68(a) governs such situations:
 If any employee is paid by his employer less than the minimum fair wage or overtime wage . . . any agreement between him and his employer to work for less than such minimum fair wage or overtime wage shall be no defense. C.G.S. § 31-68(a).
 III.
The defendant also asserts a special defense of estoppel, based on the theory that the plaintiff herself "wrote out the checks, including her wage checks" and cannot now claim nonpayment.
In the tightly restricted field of labor, wages and hours, there is no such defense spelled out and none the Court can read into the statutes involved.
However, the plaintiff did not draw pay checks. In fact, it appeared to be the practice of the defendant not to pay employees by check but by cash, suggesting a myriad of possibilities and motives.
The claim is also re-asserted as part of the estoppel defense that the plaintiff was running the business as a "manager", and thus apparently "endorsed" the whole business and personal arrangement. The Court is unable to apply the doctrine of estoppel to such a scenario, even if the facts were as argued by the defendant. But the evidence is overwhelming that Juliano was "running the business" as he testified and that any direction or instructions imparted to anyone by the plaintiff, unless routine, eminated [emanated] from Juliano.
CONCLUSION
The plaintiff is due wages in the amount of $11,745.00, $8,800.00 representing straight time and $2,865.00 for overtime. § 31-72 is applicable and the plaintiff is entitled to twice that amount as damages. She is also entitled to interest, taxable costs and attorney's fees. Counsel will submit an itemized bill and CT Page 12624 affidavit supporting such request.
Judgment may enter for the plaintiff as follows:
a. $11,845.00 unpaid wages, including unpaid overtime.
 b. prejudgment interest on these unpaid wages for the date such wages were due to the entry of judgment.
 c. An additional sum of $11,745.00 constituting a doubling of the unpaid wage, without prejudgment interest.
d. Attorney's fees, as noted above.
Anthony V. DeMayo, STR